IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN TERENCE BYRNE, *by and through his next friends, Dorothy Byrne and Kevin Byrne,* et al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:25-CV-42-DII |
| CECILE YOUNG, *in her official capacity as the Executive Commissioner, Texas Health and Human Services Commission*, | § § § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Plaintiff John Terence Byrne (by and through his next friends Dorothy Byrne and Kevin Byrne) and Ambrose DiRuggiero (by and through his next friends Crispino and Michelle DiRuggiero)'s ("Plaintiffs") Motion for a Preliminary Injunction. (Dkts. 7, 8). Defendant Cecile Young, in her official capacity as the Executive Commissioner for the Texas Health and Human Services Commission ("HHSC"), filed a response, (Dkt. 9), to which Plaintiffs replied, (Dkt. 10). Having considered the briefs, the evidence, and the relevant law, the Court will deny the motion.

**I. BACKGROUND**

Plaintiffs are individuals with severe autism and other disabilities who live at home and receive benefits from HHSC via the Home and Community-Based Services Waiver Program ("HCS"), a program which gives individuals with disabilities certain benefits while they reside at home and in community-based settings. (Pls.' Mot. Prelim. Inj., Dkt. 7, at 10–11). Plaintiffs live at home and wish to move to Grace Place, a residential community for people with disabilities. (*Id.*). Grace Place was recently licensed as an "assisted living facility" by HHSC. (*Id.* at 14). Grace Place

1

chose to apply to be licensed as an assisted living facility. (Def.'s Resp., Dkt. 9, at 11). With this designation from HHSC, Plaintiffs would not be able to use their HCS benefits to reside at Grace Place, because the HCS program does not offer benefits for living in institutional settings. (Pls.' Mot. Prelim. Inj., Dkt. 7, at 14.). Plaintiffs first represented, when seeking a temporary restraining order on January 9, 2025, that they risk losing their available spot at Grace Place if they did not commit to moving there by January 12, 2025, when Grace Place would offer the spot to other individuals. (Pls.' Mot., Dkt. 2, at 7). The Court denied the Plaintiffs' request for a temporary restraining order. (Order, Dkt. 5).

Now, Plaintiffs seek a preliminary injunction. In their motion, Plaintiffs represent that they risked losing their available spot if they did not commit to moving there by February 28, 2025, and that spots only rarely become available. (Pls.' Mot. Prelim. Inj., Dkt. 7, at 15). They suggest that their next opportunity to move into Grace Place may not arise for 30 years, citing an affidavit from a representative of Grace Place about the average length of stay. (Dkt. 7-1, at 4–5). Plaintiffs also say that they cannot afford to live in Grace Place without the HCS benefits. (Pls.' Mot. Prelim. Inj., Dkt. 7, at 15). As such, they sought a reasonable accommodation to the HCS program from HHSC to continue receiving benefits when they move to Grace Place and argue that Grace Place is a more community-integrated setting and furthers the goal of the HCS Program. (*Id.* at 19–22). HHSC has not granted their reasonable accommodation request. (*Id.* at 16). Wanting to accept their place in Grace Place by February 2025, without losing their HCS benefits, Plaintiffs ask this Court to mandate that HHSC grant them a reasonable accommodation in the form of receiving their HCS benefits while they reside at Grace Place. (*Id.* at 30).

## II. LEGAL STANDARD

A preliminary injunction is an extraordinary remedy, and the decision to grant such relief is to be treated as the exception rather than the rule. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050

(5th Cir. 1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking injunctive relief carries the burden of persuasion on all four requirements. *PCI Transp. Inc. v. W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005). The party seeking a preliminary injunction must prove that irreparable harm is likely, not merely possible. *Winter*, 555 U.S. at 22. "It is well settled that the issuance of a prohibitory injunction freezes the status quo, and is intended 'to preserve the relative positions of the parties until a trial on the merits can be held.'" *Wenner v. Texas Lottery Comm'n*, 123 F.3d 321, 326 (5th Cir. 1997) (quoting *University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981)).

### III. DISCUSSION

Upon reviewing Plaintiffs' motion, the Court concludes that Plaintiffs have not met their burden to show a preliminary injunction is warranted. Plaintiffs have not demonstrated that the four factors weigh in their favor, particularly because they have not demonstrated irreparable harm, and because their proposed injunction disrupts rather than preserves the status quo.

The Court's analysis begins with its finding that Plaintiffs have not met their burden to show that they will be irreparably harmed in the absence of an injunction; this alone is an independent reason to deny Plaintiffs' motion. First, Plaintiffs cite no evidence that the Grace Place facility will become permanently unavailable to them in the future if they are unable to move into the facility pending litigation. Plaintiffs argue the average predicted stay at an assisted living facility is 30 years. (Dkt. 7, at 9). But that average predicted stay at a facility does not mean Plaintiffs will have no other opportunity to reside at Grace Place, nor at another similar facility. Even Plaintiffs' initial prediction of needing to move into Grace Place by January 12, 2025, or lose their spots, has changed in the short course of this litigation. (Dkt. 2, at 7). Plaintiffs subsequently argued that spots remained

available, and the relevant deadline is February 28, 2025, (Dkt. 7, at 10), further underscoring that the Plaintiffs may have opportunities to reside at Grace Place in the future.

Plaintiffs cite several out-of-circuit cases standing for the notion that the "loss of housing constitutes an irreparable harm." (Dkt. 7, at 28 (quoting *Watkins v. Greene Metro. Hous. Auth.*, 397 F. Supp. 3d 1103, 1109-1110 (S.D. Ohio 2019)). However, Plaintiffs do not risk losing their housing. They may continue living in their current housing and may apply in the future to the Grace Place facility, or any other facilities using their HCS benefits.

Moreover, the Court understands Plaintiffs' alleged harm as compensable via monetary damages, so by definition it is not "irreparable." Irreparable harm exists "where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2010). Plaintiffs argue that to move to Grace Place, they would have to pay additional costs, because the HCS program, from which they receive benefits, does not cover it as it is classified as an institutional setting. In this case, monetary damages could remedy Plaintiffs' alleged injury. As such, Plaintiffs have not demonstrated irreparable harm.

Finally, while the lack of irreparable harm alone resolves this motion, the Court also notes that Plaintiffs have not met their burden on the balancing of the equities or public interest factor, because they propose relief that would disrupt rather than preserve the status quo. Indeed, Plaintiffs do not dispute this characterization of their proposed relief, which the Court previously articulated in its order denying the Plaintiffs' motion for a temporary restraining order. (*See generally* Order, Dkt. 5; Pls.' Mot. Prelim. Inj., Dkt. 7, at 10). Plaintiffs represent that they currently live at home and receive HCS benefits from Defendant, but that they wish to move to the Grace Place facility, or commit to doing so, while litigation is pending. With the Court declining to issue a preliminary injunction, Plaintiffs may continue the current status quo: they may continue receiving HCS program benefits while living at home, a situation which creates no irreparable harm. By contrast,

issuing a preliminary injunction that enables Plaintiffs to move to an institutional setting while continuing to receive HCS benefits would alter the status quo during the pendency of the litigation. Should Plaintiffs not ultimately prevail in the litigation, they would risk either needing to move out of Grace Place or losing their HCS benefits. That Plaintiffs' proposed preliminary injunction alters the status quo in this way underscores that the injunction does not satisfy the balancing of the equities and that the proposed injunction would not serve the public interest. As such, the Court finds that Plaintiffs have not met their burden and that a preliminary injunction is not warranted.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiffs' motion for preliminary injunction, (Dkts. 7, 8), is **DENIED**.

**SIGNED** on March 20, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE